Homer Lee SHERLEY, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Nov. 18, 1977.

Jack Emory Farley, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Homer Lee Sherley, Jr., was indicted and convicted of first-degree assault, KRS 508.-010(1)(a), and of first-degree robbery, KRS 515.020(1)(a). Sherley was also indicted for first-degree rape, KRS 510.040(1)(b) and (2), and convicted of attempt to commit first-degree rape, KRS 506.010(4)(a).

Sherley was sentenced to twenty years' imprisonment on the conviction of first-degree assault, sixteen years' imprisonment on the conviction of first-degree robbery, and twenty years' imprisonment on the con-

viction of attempt to commit first-degree rape. The sentences were directed to run consecutively.

Anna Brown, age 87, was assaulted in a Paducah cemetery while visiting the grave of her deceased husband. A black man approached her and suddenly hit her with a stick, demanding that she give her pocketbook to him. After taking the pocketbook, he continued striking her with the stick as well as kicking and slapping her. He forced her into her car, a two-tone Buick. At this point, she lost consciousness and did not remember anything further. As a result of the attack, Anna Brown suffered a massive stroke. When found the following day in a muddy ditch with her clothing pulled down to her ankles and above her hips, she was barely alive according to the physician who treated her.

A witness observed a black man driving a car resembling Anna Brown's with a white woman sitting on the passenger side. Another witness identified Sherley as the driver of the car.

Other witnesses, near the scene where Anna Brown was found, observed a Buick car resembling Anna Brown's and saw a man they identified as Sherley appear from behind some bushes, get into the car, and drive away. Their testimony was that Sherley was wearing a light beige or tan shirt and jacket and dark pants.

Sherley's apartment was searched. Muddy clothes were found there and identified by witnesses as the clothes worn by Sherley when he appeared from behind some bushes and drove away in the Buick car.

A laboratory technician testified that fibers on Sherley's jacket had the same characteristics as those composing the pantsuit worn by Anna Brown. He further testified that pubic hairs found on Anna Brown had the same characteristics as Sherley's pubic hair.

Anna Brown's automobile was found on a Paducah street about eight blocks from Sherley's apartment.

Sherley's defense was an alibi for the time of the incident and a denial that he had ever seen Anna Brown before the day of the trial.

Of the several issues argued by Sherley, we find one that merits discussion.

Sherley contends that he was placed in double jeopardy by being convicted of first-degree assault, the essential element of which is serious physical injury, and in the Commonwealth's using that same evidence of force and serious physical injury to elevate the offense of taking the automobile to first degree robbery and the attempted rape to an attempt to commit a Class A felony.

KRS 505.020 provides in part:

"(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

(a) One offense is included in the other, as defined in subsection (2); or

\*    \*    \*    \*    \*    \*

"(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged."

The commentary to this section of the Penal Code observes that: "Subsection (2) does not make substantial changes in pre-existing law. The matter of conviction of 'included' offenses has been previously handled by Rule 9.86 of the Rules of Criminal Procedure." The problem presented here is to consider the facts, developed on the trial for the charged offenses, in the light of how similar offenses in the repealed section of KRS were handled in order to ascertain pre-existing law on the subject to the extent possible.

We find from the repealed sections of KRS the only comparable section to first-degree assault is KRS 435.170 (repealed) which denounced malicious striking and wounding with a deadly weapon with intent to kill and which provided a punishment of

two years' to twenty-one years' confinement. Striking with a stick, if the jury believed the stick was deadly as used, was held to be sufficient in a prosecution under this section. *Honaker v. Commonwealth,* 25 Ky. Law Rep. 675, 76 S.W. 154 (1903).

The proof to justify a first-degree robbery conviction here required that the robbery of the automobile be accompanied by the use of force and causing physical injury. Prior to the adoption of the Penal Code, there were no provisions for degrees of robbery. The armed robbery section, KRS 433.140 (repealed), we deem inapplicable to the facts here. The section which is comparable to first-degree robbery is KRS 433.150 (repealed). This section provided that any person who, with an offensive weapon or instrument, unlawfully and maliciously assaults another with intent to rob or commits a robbery be confined for not less than ten years to life or punishment by death. Taking of the automobile alone would formerly have been a violation of KRS 433.220 (repealed), grand larceny, with a punishment of one to five years' confinement. Thus an offense of grand larceny could have been elevated to assault with intent to rob if the taking was accompanied by malicious assault with an offensive weapon.

■ We are of the opinion that under pre-existing law a conviction on a charge of assault with intent to rob would preclude prosecution for the offense of striking and wounding with intent to kill and grand larceny since identical facts would be present in conviction for assault with intent to rob. By a parity of reasoning the facts used in the conviction for first-degree assault here resulted in the elevation of the robbery charge and conviction to first-degree robbery, an element of which is physical injury, the beating which took place here. We are of the opinion the elements of first-degree assault merged into the conviction of first-degree robbery and were not subject to a separate charge.

Before the adoption of the Penal Code, there were no statutory degrees of rape. The gravamen of the offense of rape of a female over 12 years of age, KRS 435.090 (repealed), was against the female's will or

consent or by force, serious physical injury not being a factor. The offense of rape under the Penal Code is elevated to a Class A felony if the victim receives a serious physical injury. Here the conviction was for an attempt to commit first-degree rape, a Class A felony. The penalty for criminal attempt was enhanced for the reason serious physical injury resulted.

Previously there was no statutory provision for attempted rape. The offense was classified as a common law misdemeanor (a jail sentence in the discretion of the jury). Cf. *Rhye v. Commonwealth,* Ky., 263 S.W.2d 923 (1953). KRS 435.110 (repealed), detaining a woman against her will with intent to have carnal knowledge of her, with a penalty of two years' to seven years' confinement, has been construed as a lesser included offense of rape, and an instruction should be given on detaining rather than common law attempt where force is used. *Hogue v. Commonwealth,* 305 Ky. 297, 203 S.W.2d 42 (1947). Certainly a conviction for rape prior to the Penal Code would preclude a conviction for detaining or common law attempt.

■ We are of the opinion that the force causing serious physical injury which elevated the charge of attempted rape to attempt to commit first-degree rape, a Class A felony, being the same serious physical injury, the basis for the first-degree assault conviction also merged the offense of first-degree assault and attempt to commit first-degree rape, a Class A felony. Thus the conviction for first-degree assault merged with the charge of attempt to commit first-degree rape, a Class A felony.

We also note that the instructions of the trial court on the charge of first-degree robbery required the jury to believe that Sherley "caused physical injury to Anna Brown by striking her with a stick," and the instructions on first-degree rape, Class A felony, required the jury to believe that "Anna Brown received serious physical injury as a consequence of defendant's acts."

We conclude that the force used for conviction of first-degree assault merged with the force used to elevate the punishment for the other offenses and Sherley was con-

**618**

victed of one offense included in others as proscribed in KRS 505.020. Cf. *Arnett v. Commonwealth,* 270 Ky. 335, 109 S.W.2d 795 (1937).

■ Sherley did not present this issue of double jeopardy or multiple prosecution to the trial court. However, we are persuaded that failure to preserve this issue for appellate review should not result in permitting a double jeopardy conviction to stand. See *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1974), which set aside a conviction on the basis of double jeopardy after a guilty plea.

■ We have reviewed the record and are of the opinion that under the evidence as a whole it was not clearly unreasonable for the jury to find Sherley guilty of robbery in the first degree and attempted rape in the first degree. *Jones v. Commonwealth,* Ky., 554 S.W.2d 363 (1977). The other issues raised on this appeal do not merit discussion.

The judgment is affirmed as to the convictions of first-degree robbery and attempted first-degree rape. The judgment of conviction for first-degree assault is reversed with directions that the charge be dismissed.

All concur.