**Charlie Gene CARWILE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

May 11, 1983.

Rehearing Denied Oct. 12, 1983.

Philip C. Kimball, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted in the Breckinridge Circuit Court of murder and sentenced to life imprisonment. The fracas from which this murder resulted began with an argument between the Carwile family and a Nash family, both of which families were tenants on property belonging to Gordon Board. The latter was called on June 17, 1982, to come to the Carwile property because of threatening trouble and possible shooting. After a second call relaying the same information and after two unsuccessful attempts to call the police, Mr. Board left home, taking with him his son, Danny Board, and a nephew, Mark Hubbard. On the way to the Carwiles, the Boards stopped by the Nash place, where Mr. Nash handed Gordon Board the keys to his house and informed him that he was quitting because of continuing problems with the Carwiles. He also informed Mr. Board that one Kenny Fetch, who was at the Carwiles at that time, had bragged that he had burned down a farmhouse belonging to Gordon Board.

There was evidence, denied by appellant, that the Carwiles had been advised that the Boards were on their way and that appellant had said, "Bring them on, I've got something waiting for the Boards anyway."

This, then, was the scene when the Board family arrived at the Carwile place. Whether aggressively or after Kenny Fetch had charged him, Gordon Board knocked Fetch to the ground, at which time appellant leveled a 12-gauge shotgun at the group and shot Danny Board in the chest, at short range, killing him. Danny Board, Gordon Board and Mark Hubbard were unarmed.

■ Appellant first assigns as error the failure of the lower court to give an instruction under KRS 507.020, on extreme emotional disturbance. He cites us to no testimony which would justify such an instruction and we are unable to find any of record. The only emotional disturbance testified about herein occurred after the shooting, when the appellant fled from the scene.

As the court stated in *Gall v. Commonwealth*, Ky., 607 S.W.2d 97, 108, 109 (1980):

Although the substantive factors reducing murder to manslaughter are thus made different by the new statute, the procedural aspects remain unchanged. The Commonwealth still has the burden of proof but in order to justify an instruction on the lower degree there must be something in the evidence sufficient to raise a reasonable doubt whether the defendant is guilty of murder or manslaughter.

\*      \*      \*      \*      \*      \*

An instruction on murder need not require the jury to find that the defendant was not acting under the influence of extreme emotional disturbance unless there is something in the evidence to suggest that he *was*, thereby affording room for a reasonable doubt in that respect.

*See also Henley v. Commonwealth*, Ky., 621 S.W.2d 906 (1981).

■ The appellant herein relied on the defense of self-protection, on which the jury was instructed. Self-protection and emotional disturbance are separate defenses and the presence of the former does not automatically trigger the latter, although under certain circumstances and with certain evidence, both might well be justified.

■ Appellant next complains of an instruction which included wantonness manifesting an extreme indifference to human life as one element in the murder instruc-

tion. Under the circumstances here, in which the appellant fired a shotgun from the hip, in the direction of three men in close proximity with each other, killing one of them, we find no error in the instruction.

 Appellant further objects to the failure of the court to instruct on the defense of protection of another, or on the offense of reckless homicide. These objections are without merit, as such instructions were not justified by the evidence herein.

Finally, appellant assigns fatal error to the lower court which had instructed on murder, first degree manslaughter and second degree manslaughter, when it failed to give an instruction that:

> If you find the defendant guilty but have a reasonable doubt as to the degree of the offense of which he is guilty, you shall find him guilty of the lower degree.

Appellant states that such an instruction is required by RCr 9.56. However, since 1978, RCr 9.56, in its entirety, has read and still reads:

> Reasonable Doubt—(1) In every case the jury shall be instructed substantially as follows: "The law presumes the defendant to be innocent of a crime, and the indictment shall not be considered as evidence or as having any weight against him. You shall find the defendant not guilty unless you are satisfied from the evidence alone, and beyond a reasonable doubt, that he is guilty. If upon the whole case you have a reasonable doubt that he is guilty, you shall find him not guilty".
>
> (2) The instruction should not attempt to define the term "reasonable doubt."

The portion of the former rule requiring the lesser degree instruction was included in some publications in either brackets or parentheses, for the sole purpose of indicating that this portion of the instruction had been deleted when RCr 9.56 was amended by this court. Such an instruction no longer appears in RCr 9.56, or in any other criminal rule. Under the Rule of Criminal Procedure, courts are no longer required to instruct upon reasonable doubt concerning the degree of the offense.

The judgment of the Breckinridge Circuit Court is affirmed.

All concur.