COMMONWEALTH of Kentucky, Appellant,

v.

Floyd COOK, Appellee.

No. 87–SC–93–DG.

Supreme Court of Kentucky.

Nov. 5, 1987.

David L. Armstrong, Atty. Gen., Cicely Jaracz Lambert, Asst. Atty. Gen., Frankfort, for appellant.

Randall L. Wheeler, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the first-degree riot conviction of Cook on the ground of double jeopardy.

The issue is whether the convictions of Cook for first-degree riot and second-degree assault constitute double jeopardy.

The Court of Appeals affirmed the second-degree assault conviction but reversed the first-degree riot conviction on the basis that the same physical injury used to elevate second-degree riot to first-degree riot was also used to sustain second degree assault. It ordered a new trial on the charge of second degree riot, a misdemeanor.

Cook was an inmate of the Northern Point Training Center when fighting between inmates erupted into a riot on September 4, 1984, during which injuries were sustained by guards and other inmates. The evidence against Cook indicated he caused injury to a guard when during the riot he hit the guard on the head with a chair leg. Cook received consecutive sentences of two years for riot and five years for assault.

This Court reverses the decision of the Court of Appeals insofar as it reversed the first-degree riot conviction of Cook and reinstates the judgment of the circuit court because there is no double jeopardy violation.

The same physical injury was not used to elevate riot and establish an assault. Cook was found guilty of second-degree assault under an instruction which required a finding that he intentionally caused physical injury to the guard with a table leg or wantonly caused serious physical injury. Cook was also found guilty of first-degree riot for knowingly participating in the riot which in the course of and as a result of a person or persons who were not participants suffered physical injury.

The evidence showed that not only was Guard Routin injured but also three other guards and four other inmates were treated at a local hospital for head trauma and concussions. One guard was admitted for

a concussion, one inmate was treated for a fractured hand, and another inmate admitted for head trauma and a laceration. Three others who were not admitted were treated for lacerations. Consequently there was sufficient evidence of physical injuries to those who were not participants other than Routin to support the conviction of Cook for first-degree riot and his conviction for second-degree assault on Routin. The same force was not used to establish assault and then elevate riot to a higher offense.

KRS 525.010(5) defines riot as a public disturbance involving an assemblage of five or more persons which by tumultuous and violent conduct creates grave danger of damage or injury to property or persons or substantially obstructs law enforcement or other government function. Under KRS 525.020, a person is guilty of riot in the first degree when he knowingly participates in a riot and in the course of and as a result of the riot a person other than one of the riot participants suffers physical injury or substantial property damage occurs.

*Sherley v. Commonwealth,* Ky., 558 S.W. 2d 615 (1977) does not apply to the facts of this case. *Sherley, supra,* held that because the same evidence of physical injury was used to prove first-degree assault was also used to elevate robbery to first-degree and attempted rape to attempted first-degree rape, the assault conviction merged with the robbery conviction and the attempted rape conviction. Here there was evidence that in addition to Routin, three guards and four inmates were injured in the riot and treated at a local hospital.

It is clear that first-degree riot and second-degree assault constitute two distinct offenses because each requires proof of a fact which the other does not.

Riot requires either physical injury or substantial property damage and adds the elements of occurrence during a riot caused by conduct of a knowing riot participant. Assault requires physical injury but adds the elements of intentionally causing serious physical injury, intentionally causing physical injury with a dangerous instrument or deadly weapon, or wantonly causing serious physical injury with a dangerous instrument or deadly weapon. Here there are two separate crimes with different elements and different proof required thereof.

The conviction of Cook for first-degree riot and second-degree assault does not constitute double jeopardy because the same use of force was not used to establish assault and then elevate riot to a higher offense.

The decision of the Court of Appeals is reversed insofar as it relates to the reversal of the first-degree riot conviction and the judgment of the circuit court is affirmed and reinstated in all respects.

All concur.