John Joseph O'HARA, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

John PEARSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 88–SC–000991–MR, 88–SC–000992–MR.

Supreme Court of Kentucky.

Dec. 21, 1989.

William Yesowitch, Steven A. Snow, Appellate Public Advocates, Louisville, for appellants O'Hara and Pearson.

Frederic J. Cowan, Atty. Gen., Denise A. Garrison, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

VANCE, Justice.

The appellants in the captioned cases were convicted on charges of second-degree burglary, first-degree robbery, and assault, all of the convictions arising out of the same occurrence. Each of them was sentenced to 10 years' imprisonment for the burglary and 20 years' imprisonment for the first-degree robbery. Appellant Pearson was sentenced to 20 years and the appellant O'Hara to 10 years for the assault. All of the sentences run consecutively.

The evidence showed that they forced their way into the home of an elderly couple, severely beat the man about the head and face with a pistol and stole $8,000 dollars from the home. They contend, however, that the assault convictions should be reversed because the force used in committing the assault and the injury which resulted therefrom was the same element which was used to elevate the crime of robbery to robbery in the first degree. Thus, they contend, the assault was merged into what became a part of the offense of robbery in the first degree.

The Commonwealth contends that the same occurrence may result in two separate crimes if the proof required to establish each crime contains at least one element not required to establish the other. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, the Commonwealth contends that robbery in the first degree was established by proof that in the course of a theft the appellants were armed with a deadly weapon and that the assault was thereafter committed when the appellants caused serious physical injury to the victim by means of a dangerous instrument.

Without deciding the validity of the Commonwealth's contention as a general proposition of law, we hold that it is not applicable here because the appellants could not, in this case, have been convicted of robbery in the first degree simply by showing an intentional theft while the appellants were armed with a deadly weapon. This is true because the indictment does not so charge. It charges that the appellants committed robbery in the first degree by committing a theft, and in so doing, used physical force and caused physical injury. K.R.S. 515.-020(1)(a). The indictment relied upon the injury to the victim, not the possession of a deadly weapon, as the element which elevated the crime to robbery in the first degree. Furthermore, the jury was not instructed that it could find the appellants guilty of first-degree robbery upon proof that in the commission of a theft they were armed with a deadly weapon. Instead, it was instructed that it could find the appellants guilty of first-degree robbery if, and only if, (1) the appellants stole property from the victim, (2) that in the course of doing so threatened the immediate use of physical force by threatening to shoot the victim with a loaded pistol or by causing physical injury, and (3) that the pistol was a dangerous instrument.

The instructions required proof of the elements listed in K.R.S. 515.020(1)(a) or (c) for the conviction of first-degree robbery. These are the same elements charged and necessary for conviction of first-degree assault.

We hold, therefore, that the assault committed upon the victim by the appellants merged into the offense of first-degree robbery. This disposition of the case renders it unnecessary to consider the question of whether the injury inflicted upon the victim was a serious physical injury within the meaning of K.R.S. 505.020.

There is no merit in the appellants' contention that the trial court committed prejudicial error by refusing to grant appellants a continuance of the trial.

The judgments of conviction of each of the appellants on the charge of burglary and on the charge of first-degree robbery are affirmed. The conviction of each 'of the appellants on the charge of assault is reversed.

All concur.