**Kenneth BUTTS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 95–SC–1010–MR.**

Supreme Court of Kentucky.

Sept. 4, 1997.

As Modified on Denial of Rehearing
Nov. 20, 1997.

Daniel T. Goyette, Jefferson District Public Defender, Bruce P. Hackett, Deputy Appellate Defender of the Jefferson District Public Defender, Louisville, for appellant.

A.B. Chandler, III, Attorney General, Vickie L. Wise, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for appellee.

LAMBERT, Justice.

Appellant was convicted in the Jefferson Circuit Court of first degree burglary, fourth degree assault and first degree persistent felony offender (PFO). He was sentenced to twenty years imprisonment and appeals to this Court as a matter of right.

■ Appellant first contends that his entire criminal prosecution was in error on the view that the imposition of punishment for contempt of court for violation of an Emergency Protective Order (EPO) barred the subsequent prosecution for criminal charges which arose from the same incident. Appellant argues that when the Family Court of Jefferson County imposed a 60 day term of incarceration on him for violation of the EPO, such was for criminal, rather than civil, contempt. Reliance is placed on *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481–82, 20 L.Ed.2d 522 (1968), for the proposition that punishment for criminal contempt is similar to punishment for a criminal act. Therefore, appellant argues that double jeopardy bars subsequent prosecution for an offense if it arises from conduct for which criminal contempt punishment has been imposed.

We have recently and extensively addressed this precise issue in *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1997). While acknowledging that in a proper case, punishment for criminal contempt may result in a double jeopardy bar, in the cases decided we held otherwise. Relying on *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we analyzed what was required for imposition of contempt punishment and the elements of the crime for which prosecution was undertaken to determine whether each contained elements not found in the other. On this basis, no double jeopardy prohibition resulted.

■ The analysis in *Commonwealth v. Burge* is fully applicable here. Appellant was punished for contempt for violation of an emergency protective order (EPO). He was subsequently convicted of first degree burglary, fourth degree assault, and first degree PFO. To be punished for criminal contempt, it was necessary to prove that he had knowledge of a valid order which prohibited the conduct in question and that he intentionally violated it. KRS 403.763. Thus, the criminal contempt violation contained elements not required for any of the criminal convictions. The criminal conviction for burglary in the first degree requires, inter alia, intent to commit a crime and other elements not required for a contempt violation of an EPO. The same is true of a criminal conviction for assault in the fourth degree as this crime requires proof of physical injury to another person, not a necessary requirement of contempt for violation of an EPO. From the foregoing "it is clear that 'there are distinct elements in each of the offenses not required for the other, which precludes a double jeopardy finding' under the *Blockburger* test. *Eldred v. Commonwealth*, Ky., 906 S.W.2d 694, 707 (1994)." *Burge* at 812.

■ Appellant next contends that his convictions for first degree burglary and fourth

degree assault violate the double jeopardy clause because physical injury was used as an element of the first degree burglary conviction and the same physical injury was the sole element of the assault in the fourth degree conviction. Appellant admits that this issue was not raised in the trial court but because it presents an issue of double jeopardy, reliance is placed on *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615 (1977), and *Gunter v. Commonwealth*, Ky., 576 S.W.2d 518 (1978), to the effect that it may be raised for the first time on appeal. Although this Court has recently expressed our discomfort with such elevated deference to double jeopardy principles, *see Baker v. Commonwealth*, Ky., 922 S.W.2d 371 (1996), we will nevertheless address the merits of this double jeopardy claim.

In Count I the indictment charged appellant with burglary in the first degree and in satisfaction of a necessary element alleged that appellant or another participant in the crime "caused physical injury to Tina Hannibal." KRS 511.020(1)(b). In Count III the indictment charged appellant with assault in the fourth degree and in satisfaction of a necessary element alleged that appellant "intentionally or wantonly caused physical injury to Tina Hannibal." KRS 508.030. What transpired here is remarkably similar to *O'Hara v. Commonwealth*, Ky., 781 S.W.2d 514 (1989), in which we held that an assault committed upon a robbery victim merged into the offense of first degree robbery and could not be separately punished. *O'Hara* focused on the indictment and while recognizing that robbery in the first degree could be committed by alternative means, held the Commonwealth to the facts alleged in the indictment rather than other facts in evidence. The Court concluded that as the physical injury element which constituted the assault charge was the same physical injury alleged and proven as an element of the first degree robbery, the assault conviction must fall. A similar result must obtain here. In the course of committing burglary, appellant committed an assault which resulted in physical injury to Tina Hannibal. However, the assault against Tina Hannibal was used as a necessary element to achieve a first degree burglary conviction. Under the authority of

*Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991) (overruled on other grounds in *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1997)), on this issue, appellant's conviction for fourth degree assault must be vacated.

Appellant also claims error in the trial court's failure to strike for cause a juror who had been raped at her home three months before by a perpetrator who had not yet been caught. The prevailing rule is that a juror should be disqualified when the juror has a close relationship with a victim, a party or an attorney, even if the juror claims to be free from bias. In addition, is the principle that a magic question cannot be used to rehabilitate a juror who has been shown to be disqualified. *Ward v. Commonwealth*, Ky., 695 S.W.2d 404 (1985); *Alexander v. Commonwealth*, Ky., 862 S.W.2d 856, 864 (1993); *Montgomery v. Commonwealth*, Ky., 819 S.W.2d 713, 717 (1991); and *Marsch v. Commonwealth*, Ky., 743 S.W.2d 830 (1987).

In the instant case, appellant argues that the juror was too close factually to such a situation to serve on the jury without bias. However, the juror stated upon questioning that she could view the facts impartially. She went on to point out several differences between the case at hand and what had happened to her. In the instant case the victim knew appellant, there were no allegations of rape, and there was a charge of burglary, while in the juror's experience, she did not know the perpetrator, the incident was three months prior in time, no burglary was committed, and the perpetrator remained at large. Due to these differences and the broad discretion of the trial court to rule on such issues, we discern no abuse of discretion on the part of the trial court in not excusing this juror for cause. *Mabe v. Commonwealth*, Ky., 884 S.W.2d 668 (1994).

Appellant argues that error occurred when the trial court refused to instruct the jury upon reasonable doubt as to the degree of the offense. Appellant tendered an instruction which told the jury that if it had a reasonable doubt as to the degree of the offense of which appellant was guilty, it should find the lower degree. The trial court

refused to give the instruction believing that such concept was included in other instructions and that a separate instruction was unnecessary. The instruction given was verbatim from RCr 9.56.

 This issue has been decided in *Carwile v. Commonwealth*, Ky., 656 S.W.2d 722, 724 (1983). The opinion states that "[u]nder the Rule of Criminal Procedure [RCr 9.56], courts are no longer required to instruct upon reasonable doubt concerning the degree of the offense." While this language does not suggest that a court may never instruct on reasonable doubt as to the degree of the offense, such an instruction is now viewed as unnecessary, particularly when the same concepts are dealt with in other instructions.

Contrary to what may appear, our decisions in *Grooms v. Commonwealth*, Ky., 756 S.W.2d 131 (1988), and *Funk v. Commonwealth*, Ky., 842 S.W.2d 476 (1992), do not require that an instruction be given on reasonable doubt as to the degree of the offense, but do require that when such an instruction is given that it be given correctly. We recognize that our decisions in *Grooms* and *Funk* are possibly ambiguous on this point and state herein that *Carwile v. Commonwealth*, Ky., 656 S.W.2d 722 (1983), represents the proper interpretation of the 1978 amendment of RCr 9.56. Accordingly, the giving of any such further instruction should be avoided.

Finally, appellant's claim of error concerning the separate indictment for PFO in the first degree has been fully answered in *Price v. Commonwealth*, Ky., 666 S.W.2d 749 (1984), and we will refrain from repeating that discussion here. We recognize that appellant has attempted to distinguish the *Price* case by a claimed violation of RCr 5.02. Despite the ingenuity of his argument, we believe *Price*, nevertheless, controls the result. Despite the separate indictment for PFO in the first degree, there is no doubt that the status offense was based on the pending substantive charges. This is not a case in which one convicted and serving a sentence is separately indicted as a PFO.

For the foregoing reasons, appellant's conviction for Assault in the Fourth Degree is vacated. In all other respects, the judgment of the Jefferson Circuit Court is affirmed.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents.