**Danny LAY, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2005–CA–000516–MR.**

Court of Appeals of Kentucky.

June 2, 2006.

Discretionary Review Denied by Supreme Court Dec. 13, 2006.

---

Before HENRY and VANMETER, Judges; BUCKINGHAM, Senior Judge.[1]

## OPINION

VANMETER, Judge.

Danny Lay, Jr., appeals from a judgment entered by the Casey Circuit Court after he pled guilty to two charges. For the reasons stated hereafter, we affirm.

A single set of events led to Lay's indictment on charges of driving while under the influence of alcohol (DUI), third offense,[2] and operating a motor vehicle while his license was suspended for DUI.[3] Lay pled guilty to both charges, but he went before a jury for sentencing. In accordance with the jury's recommendation, he was sentenced to a total of five years' imprisonment and a $750 fine. This appeal from the sentencing portion of the judgment followed.

Lay contends that double jeopardy was violated when he was sentenced for both DUI, third offense, and the suspended license charge, enhanced by the fact that the charge was a second offense which occurred while he was DUI.[4] Lay admits that he failed to raise this issue below, but he urges and we agree that this court must follow the Kentucky Supreme Court's lead in concluding that the "failure to object on grounds of double jeopardy does not constitute a waiver of the right to raise the issue for the first time on appeal."[5] Such cases appear to provide an exception to the general longstanding rule that "a valid guilty plea effectively waives all defenses

Patrick F. Graney, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, James Havey, Assistant Attorney General, Frankfort, KY, for appellee.

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. KRS 189A.010(1)(a).

3. KRS 189A.090(1).

4. KRS 189A.090(2)(b).

5. *Baker v. Commonwealth,* 922 S.W.2d 371, 374 (Ky.1996), citing and following with reservations its prior holdings in *Gunter v. Commonwealth,* 576 S.W.2d 518, 522 (Ky.1978), and *Sherley v. Commonwealth,* 558 S.W.2d 615, 618 (Ky.1977). *See also Butts v. Commonwealth,* 953 S.W.2d 943 (Ky.1997).

other than that the indictment charged no offense."[6]

The double jeopardy clause prohibits a defendant's conviction for multiple offenses, arising out of a single course of conduct, where one offense is included within the other as "established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"[7] As stated in *Blockburger v. United States*,[8] the applicable test is whether each charge "requires proof of an additional fact which the other does not."

Here, Lay pled guilty to a third-offense DUI within a five-year period, which is punishable by a fine of $500 to $1000, and imprisonment of thirty days to twelve months. He also pled guilty to operating a motor vehicle while his license was suspended for DUI, which is addressed by KRS 189A.090 as follows:

(1) No person shall operate or be in physical control of a motor vehicle while his license is revoked or suspended under KRS 189A.010(6), 189A.070, 189A.107, 189A.200, or 189A.220....

(2) In addition to any other penalty imposed by the court, any person who violates subsection (1) of this section shall:

(a) For a first offense within a five (5) year period, be guilty of a Class B misdemeanor ...;

(b) For a second offense within a five (5) year period, be guilty of a Class A misdemeanor and have his license revoked by the court for one (1) year, unless at the time of the offense the person was also operating or in physical control of a motor vehicle in violation of KRS 189A.010(1)(a), (b), (c), or (d), in which event he shall be guilty of a Class D felony and have his license revoked by the court for a period of two (2) years[.]

Because the suspended license charge was Lay's second offense within a five-year period, and because it occurred while he was DUI, the charge was enhanced to a Class D felony punishable by a prison sentence of one to five years and a two-year license revocation.[9]

We are not persuaded by Lay's contention that the two charges against him violated double jeopardy because each required a finding that he was DUI. Instead, the mere fact of operating the vehicle while his license was suspended for DUI was sufficient to support the suspended license conviction,[10] and the issue of whether he was DUI at the time of the offense went only to the enhanced penalties applicable to repeat offenders.[11] Because DUI is not an element of the charge of operating a motor vehicle on a license suspended for DUI, and because operating a motor vehicle on a suspended license is not an element of DUI, it follows that each charge requires "proof of an additional fact which the other" does not require,[12] and

---

6. *Thompson v. Commonwealth*, 147 S.W.3d 22, 39 (Ky.2004), *citing Quarles v. Commonwealth*, 456 S.W.2d 693, 694 (Ky.1970). *See Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

7. KRS 505.020(2)(a).

8. 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See Commonwealth v. Burge*, 947 S.W.2d 805 (Ky.1996).

9. KRS 189A.090(2)(b); KRS 532.060(2)(d).

10. KRS 189A.090(1).

11. KRS 189A.090(2)(b).

12. *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180.

that double jeopardy was not violated below.

Our conclusion is consistent with several recent decisions by the Kentucky Supreme Court. In *Furnish v. Commonwealth*,[13] the supreme court stated that "[a]ggravating circumstances are not criminal offenses subject to double jeopardy considerations." In *St. Clair v. Roark*,[14] the court confirmed that it is not "double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense." In *Woodall v. Commonwealth*,[15] the court held that "[s]imply because the aggravating circumstance duplicates one of the underlying offenses does not mean that the defendant is being punished twice for the same offense." Further, in *Caudill v. Commonwealth*,[16] the Kentucky Supreme Court held that it is not double jeopardy "to convict a defendant of robbery or burglary and then use the same offense as an aggravating circumstance authorizing capital punishment."

Moreover, this line of state cases is supported by at least two cases from the United States Supreme Court, including *Williams v. State of Oklahoma*,[17] and *Witte v. United States*.[18] In *Williams*, the defendant kidnapped and murdered a victim while attempting to escape from police after a robbery. His conviction on the murder charge then was used as an aggravating circumstance to support the court's imposition of the death penalty for the kidnapping charge. The Supreme Court affirmed, holding that since murder and kidnapping are entirely distinct crimes under Oklahoma law, "the court's consideration of the murder as a circumstance involved in the kidnaping crime cannot be said to have resulted in punishing petitioner a second time for the same offense[.]"[19]

*Witte*, which the Kentucky Supreme Court relied upon in *St. Clair*,[20] involved a defendant who pled guilty to attempting to possess marijuana with the intent of distribution. After the defendant's sentence was enhanced because of uncharged but related evidence that he had attempted to import cocaine, he was charged with other offenses relating to the same attempt to import cocaine. The Supreme Court rejected the defendant's double jeopardy argument, noting that the "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause."[21]

Moreover, we are not persuaded by Lay's reliance on *Apprendi v. New Jersey*[22] and *Sattazahn v. Pennsylvania*.[23] *Apprendi* held that any fact, other than a

13. 95 S.W.3d 34, 51 (Ky.2002).

14. 10 S.W.3d 482, 487 (Ky.1999).

15. 63 S.W.3d 104, 132 (Ky.2001).

16. 120 S.W.3d 635, 677–78 (Ky.2003). *See also Bowling v. Commonwealth*, 942 S.W.2d 293, 308 (Ky.1997).

17. 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

18. 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

19. 358 U.S. at 586, 79 S.Ct. at 427.

20. 10 S.W.3d at 487.

21. 515 U.S. at 399, 115 S.Ct. at 2206.

22. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

23. 537 U.S. 101, 111, 123 S.Ct. 732, 739, 154 L.Ed.2d 588, 598 (2003).

prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [24] A closer review of the case shows that it more specifically turned on the requirement that facts must be proved beyond a reasonable doubt before they may be used to increase a defendant's possible range of penalties. [25] Similarly, *Sattazahn* turned on the need to prove aggravating circumstances beyond a reasonable doubt. Here, as there were no unproven factual determinations which were used to enhance the charge since Lay had admitted to the DUI used to enhance the suspended license penalty against him, there were no unproven facts, and the *Apprendi* and *Sattazahn* cases are not applicable.

Finally, we reject Lay's assertion that his rights were violated during the sentencing hearing by the trial court's failure to prohibit the Commonwealth from introducing evidence concerning the extent of Lay's intoxication when he was arrested. This assertion was not raised below, and we are not persuaded that palpable error occurred. [26]

The court's judgment is affirmed.

HENRY, Judge, concurs.

BUCKINGHAM, Senior Judge, concurs and files Separate Opinion.

24. 530 U.S. at 490, 120 S.Ct. at 2362–63.

25. 530 U.S. at 490, 120 S.Ct. at 2363.

26. *See* RCr 10.26. *See also Thompson v. Commonwealth*, 147 S.W.3d 22, 37 (Ky.2004).

1. 922 S.W.2d 371 (Ky.1996).

2. *Id.* at 374.

3. *Gunter v. Commonwealth*, 576 S.W.2d 518 (Ky.1978).

4. *Sherley v. Commonwealth*, 558 S.W.2d 615 (Ky.1977).

BUCKINGHAM, Senior Judge, concurring.

I concur with the majority opinion. However, I would urge the Kentucky Supreme Court to review its holding in *Baker v. Commonwealth*[1] that the "failure to object on grounds of double jeopardy does not constitute a waiver of the right to raise the issue for the first time on appeal." [2] As the majority opinion notes, the *Baker, Gunter,*[3] and *Sherley*[4] cases appear to provide an exception to the general longstanding rule that "a valid guilty plea effectively waives all defenses other than that the indictment charged no offense." [5]

In the *Sherley* case, our supreme court relied on the U.S. Supreme Court case in *Menna*[6] to create the exception to the general rule. [7] However, in the *Menna* case, the U.S. Supreme Court stated that "[w]e do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute." [8] The Court held only that a conviction may be set aside on appeal, even though it was entered pursuant to a plea of guilty and the issue of double jeopardy was not raised, "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge[.]" [9]

5. *See Thompson v. Commonwealth*, 147 S.W.3d 22, 39 (Ky.2004).

6. *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

7. *See Sherley*, 558 S.W.2d at 618.

8. 423 U.S. at 63, 96 S.Ct. 241.

9. *Id.* at 62, 96 S.Ct. 241.

Furthermore, the Kentucky Supreme Court conceded in the *Baker* case that "[f]rom *Menna* to *Sherley* and *Gunter* is a significant leap of logic and we now question its soundness."[10]

The case before this court is not one where the state was precluded from "haling" the defendant into court. Here, there was no double jeopardy issue until Lay pled guilty to both charges. Thus, I believe that his guilty plea constituted a waiver of any double jeopardy claim. Nevertheless, as this court is bound by the precedents of the Kentucky Supreme Court in *Sherley* and its progeny, we are bound to consider Lay's double jeopardy claim on its merits.[11]

Finally, I note that in *Spears v. Commonwealth,*[12] the Kentucky Supreme Court held in a unanimous opinion that Spears's double jeopardy claim was waived because he had pled guilty to the offenses for which he was charged.[13] That opinion has since been withdrawn from publication. However, it is significant in that it represents that our supreme court may no longer follow the hard-and-fast rule of *Baker, Sherley,* and *Gunter.*

In short, I concur with the majority opinion, but I urge our supreme court to clarify this issue.

---

**10.** 922 S.W.2d at 374.

**11.** *See* Rules of the Supreme Court (SCR) 1.030(8)(a).

**12.** 134 S.W.3d 12 (Ky.2004).

**13.** *Id.* at 15.