John M. PRICE, Jr., Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

March 29, 1984.

Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

John M. Price, Jr. appeals his conviction in Christian Circuit Court of being a first-degree persistent felony offender (PFO). The substantive offense underlying this conviction was robbery in the first degree. Price is presently serving a forty (40) year sentence.

Price's sole contention on appeal is that his PFO conviction must be vacated because the charge was presented by an indictment separate from the indictment charging him with robbery. In other words, Price contends that a PFO charge must be included in the same indictment as the underlying substantive offense or the subsequent PFO conviction will be void. We reject this contention in the circumstances of this case and affirm Price's conviction.

Price was indicted for first-degree robbery on March 24, 1983 and arraigned on March 25, 1983. He was thereafter indicted as a first-degree PFO on May 16, 1983 and arraigned on May 18, 1983. This second indictment referred to the date of com-

mission of the robbery and listed three previous felony convictions, but did not incorporate the robbery by specific reference. Price proceeded to trial on June 15, 1983.

After the jury returned a verdict finding Price guilty of first-degree robbery and assessing his punishment at fifteen (15) years, the PFO portion of the trial commenced. At this point, Price objected that a PFO charge cannot be presented by separate indictment. The trial court overruled the objection. The jury then found Price guilty of being a first-degree PFO and recommended that his sentence be enhanced to forty (40) years.

KRS 532.080, the PFO statute, requires that a defendant be charged as a persistent felon, but does not require that the charge be included in the same indictment which charges the underlying substantive offense. While this procedure may be preferred, we are aware of no cases holding that failure to include a PFO charge in the indictment charging the underlying substantive offense renders a subsequent PFO conviction void. The only cases cited by Price which touch upon this issue were decided well before enactment of KRS 532.-080 and are not controlling.

While it is true that KRS 532.080 is an enhancement provision and that a present felony conviction is required to trigger its operation, this does not mean that a PFO charge cannot be set out in a separate indictment. If the legislature had intended that PFO charges be presented only in the indictment which charges the underlying substantive offense, it could have set out this requirement in specific terms just as it stated that a defendant's status as a PFO is to be determined in a proceeding ancillary to the proceeding in which the defendant's guilt on the substantive offense is decided.

We interpret the PFO statute as requiring that if the Commonwealth seeks enhancement by proof of PFO status, the defendant is entitled to notice of this before the trial of the underlying substantive offense. A separate indictment meets this requirement just as does a separate count in the indictment charging the substantive offense to which it refers.

The real issue in this case is whether Price was substantially prejudiced by the Commonwealth's procedure of separately indicting him for first-degree robbery and as a first-degree PFO. Given the fact that Price was arraigned on the PFO charge nearly one full month before he proceeded to trial, we do not conclude that he was in any way deprived of notice of or an opportunity to defend against the charge. As stated in *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962):

"... (D)ue process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding. (Citation omitted).

Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." 368 U.S. at 452, 82 S.Ct. at 503.

If Price did need more time to adequately prepare his defense to the PFO charge in this case, he could have requested a continuance for this purpose. The record reflects that Price did not challenge the Commonwealth's evidence on the PFO charge.

We hold that there was no error in the fact that Price was charged as a PFO in an indictment separate from the indictment charging him with robbery. Accordingly, the judgment of Christian Circuit Court is affirmed.

All concur.