959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. PRICE, Jr., Petitioner-Appellant,
v.
Dewey SOWDERS, Warden; Attorney General, Commonwealth of
Kentucky, Respondents-Appellees.
 No. 91-6447.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 John M. Price, Jr., a pro se Kentucky prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Price was convicted by a jury in 1983 of first degree robbery and sentenced to fifteen years imprisonment. Following his conviction for being a persistent felony offender (PFO) in the first degree, his sentence was enhanced to 40 years. Price's conviction was affirmed in an opinion rendered on March 29, 1984. See Price v. Commonwealth, 666 S.W.2d 749 (Ky.1984).
 
 
 4
 On June 16, 1987, Price filed a motion to vacate, set aside, or correct sentence pursuant to Ky.R.Crim.P. 11.42, alleging that he was denied the effective assistance of counsel. Price's motion was denied in an order filed June 27, 1988. The Court of Appeals of Kentucky affirmed the circuit court's denial of the 11.42 motion. The Supreme Court of Kentucky denied Price's motion for leave to file a belated motion for discretionary review in an order entered September 21, 1990.
 
 
 5
 Thereafter, Price filed the instant petition for a writ of habeas corpus claiming: (1) that the trial court denied him due process by its failure to provide him an evidentiary hearing on his 11.42 motion; and (2) that he was denied the effective assistance of trial counsel.
 
 
 6
 A magistrate judge issued a report recommending that the petition be denied on the merits. The magistrate judge held: (1) that Price's first issue could not be remedied in a habeas corpus proceeding because it involved alleged constitutional violations that took place during a post-conviction proceeding; and (2) that Price failed to show that he was denied effective assistance of counsel. Despite Price's objections, the district court adopted the magistrate judge's report and recommendation and entered an order dismissing the habeas petition.
 
 
 7
 Price reasserts his ineffective assistance of counsel claim on appeal and requests the appointment of counsel in his appellate brief.
 
 
 8
 Upon review, we note that Price does not raise the issue regarding the evidentiary hearing on appeal; therefore, it is considered abandoned and will not be reviewed. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Upon further review, we affirm the district court's order but for reasons other than those stated by the court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 10
 Price alleged four separate instances of inadequate representation in his habeas petition. First, he alleged that trial counsel failed to investigate whether Price's prior convictions were constitutionally valid. Second, Price alleged that trial counsel failed to determine if Price's fingerprints were on one or more of the weapons. Third, Price alleged that counsel failed to object to the in-court identification made by the victim. Fourth, Price alleged that counsel failed to object to the introduction of evidence of a post-arrest statement made by Price.
 
 
 11
 Although Price appears to have briefly asserted sub-issues three and four in his 11.42 motion before the Christian Circuit Court, a review of the brief filed on his behalf in the appeal from the order denying the 11.42 motion reveals that he abandoned those specific complaints in the Kentucky Court of Appeals.
 
 
 12
 Ordinarily, a habeas petitioner must have first submitted both the legal and the factual basis of each of his claims to the highest possible level of review afforded by the state courts before seeking federal habeas corpus relief. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987); Sampson v. Love, 782 F.2d 53, 55 (6th Cir.), cert. denied, 479 U.S. 844 (1986). The failure to comply with the exhaustion rule as to only one of the claims will render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the petitioner to pursue. See Rose v. Lundy, 455 U.S. 509, 522 (1982); Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986).
 
 
 13
 In the present case, however, Price has exhausted all available state court remedies since he has completed his direct state court appeal and his collateral 11.42 attack. See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987) (petitioner must present all his claims in his first post-conviction Ky.R.Crim.P. 11.42 motion or thereafter be barred from doing so), cert. denied, 485 U.S. 980 (1988). Review of the two specific sub-issues in a federal habeas corpus proceeding would still be contingent on Price showing cause and prejudice, however. See Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 14
 Price has failed to demonstrate cause or prejudice for his failure to present these specific sub-issues to all levels of state court review. Accordingly, these specific complaints are barred from federal habeas corpus review.
 
 
 15
 Price was not denied fundamental fairness with respect to the remaining alleged instances of inadequate representation. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Price cannot show that counsel's performance was deficient under Strickland v. Washington, 466 U.S. 668, 687 (1984), or that he suffered prejudice from the allegedly deficient performance.
 
 
 16
 For the foregoing reasons, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation