Earl **CLARK**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2009–CA–000073–MR.

Court of Appeals of Kentucky.

Oct. 22, 2010.

Shannon Dupree, Assistance Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, M. Brandon Roberts, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT, THOMPSON, and WINE, Judges.

## OPINION

THOMPSON, Judge:

Earl Clark appeals the December 11, 2008, judgment of conviction and sentence of the Jefferson Circuit Court finding Clark guilty of one count of receiving stolen property over $300 and sentencing him to two-years' incarceration, enhanced to five years by virtue of a persistent felony offender (PFO) conviction.[1] The two issues presented are whether Clark was denied due process when the Commonwealth indicted Clark on the PFO offense during his trial on the underlying substantive offense and whether a Texas misdemeanor conviction can be used as an underlying conviction for Clark's PFO charge.

Clark was indicted on April 5, 2007, on one count of receiving stolen property over $300. A jury trial occurred on September 24 and 25, 2008. On the morning of September 25, 2008, the Commonwealth informed the trial court that Clark was eligible for a PFO charge and that it was in the process of seeking an indictment. The PFO charge was based on two prior convictions: robbery in the first degree in Jefferson County, Kentucky; and assault dating violence in Travis County, Texas, a Texas misdemeanor, for which Clark was sentenced to one year.

After the jury retired to deliberate on the charge of receiving stolen property over $300 but before a verdict, the PFO indictment was returned, and Clark was arraigned on the charge. Clark's counsel then moved to postpone any further proceedings on the PFO charge until after the jury returned a verdict on the underlying charge. The motion was granted, and the jury subsequently returned a guilty verdict on the charge of receiving stolen property over $300.

The following day, Clark appeared for the sentencing portion of his trial and announced a desire to enter a conditional guilty plea to the PFO charge as opposed to allowing the jury to set the sentence. The Commonwealth made an offer of two-years' imprisonment for the conviction of receiving stolen property over $300. In exchange, the PFO charge was amended from first-degree to second-degree, and the Commonwealth recommended the minimum sentence of five years on the charge. Clark accepted the offer conditioned on the right to appeal the PFO charge. Clark also moved the trial court to dismiss the PFO charge on the basis that the Texas conviction was designated as a misdemeanor by that state and, therefore, failed to make him eligible for PFO status. The trial court denied the motion, stating that the term of the sentence, not the designation of the crime by another state, was controlling, and that the Texas charge was therefore appropriately considered for PFO eligibility. A judgment of conviction and sentence was entered finding Clark guilty of receiving stolen property over $300 and sentencing him to two years, enhanced to five years by virtue of the PFO. This appeal followed.

■ Initially, Clark argues that he was denied due process by the Common-

---

1. See KRS 532.080.

wealth's failure to indict him on the PFO charge prior to the commencement of his trial. In response, the Commonwealth argues that the issues regarding the timing of the indictment were not properly preserved and that Clark was not prejudiced.

Regarding the issue of preservation, the record reveals that Clark's counsel verbally informed the trial court that the issue was being preserved for appeal. However, even if unpreserved, the issue is subject to the palpable error rule.

In *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky.2006), the Court analyzed the palpable error rule.

> For an error to be palpable, it must be easily perceptible, plain, obvious and readily noticeable. A palpable error must involve prejudice more egregious than that occurring in reversible error. A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings. Thus, what a palpable error analysis boils down to is whether the reviewing court believes there is a substantial possibility that the result in the case would have been different without the error. If not, the error cannot be palpable. (internal quotations and footnotes omitted).

We are persuaded that the timing of the indictment on the PFO charge was so prejudicial to Clark's defense that the error was palpable and, therefore, we address the substance of Clark's due process argument.

In *Price v. Commonwealth*, 666 S.W.2d 749 (Ky.1984), the Kentucky Supreme Court interpreted the PFO statute to require that if the Commonwealth seeks enhancement by proof of PFO status, the defendant is entitled to notice before the trial of the underlying substantive offense. *Id.* at 750. The Court in *Price* further stated that "a defendant must receive rea-

sonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." *Id.* (quoting *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962)). In *Price,* the issue was whether the PFO charge must be included in the same indictment as the underlying substantive offense. In this case, the question is whether the Commonwealth could indict on the PFO charge during the trial on the underlying offense without warning, without the opportunity to defend, and without notice to Clark of the severity of the potential penalty should he be found guilty.

Essentially, the Commonwealth ambushed Clark during the trial on the substantive offense with a separate indictment for PFO. To have the evidence to secure the indictment, the Commonwealth was aware of the conviction prior to trial yet failed to provide discovery to Clark, including certified copies of the judgment of conviction. In the Commonwealth's response to the discovery order, there was no mention of any exhibits, witnesses, or testimony relating to the PFO charges. It is unconscionable and does not comport with the basic notion of due process to return a PFO indictment while a defendant is being tried on the substantive charge. Not only did the Commonwealth leave Clark with no opportunity to prepare a defense to the PFO charge, but any possibility of an informed plea agreement was foreclosed.

At least one court has held that *Oyler,* quoted by our Supreme Court in *Price,* did not set the constitutional floor regarding enhancement notices. In *Pelache v. State,* 294 S.W.3d 248 (Tex.App.2009), the court distinguished *Oyler* noting that it was presented in a *habeas corpus* petition. Ulti-

mately, the Texas Court held that basic due process requires that the defendant be informed of the nature of the charges he is accused and the consequences of a conviction before jeopardy attaches so that he is aware of the potential consequences of a conviction and to prepare a possible defense. *Id.* at 252. We agree with the view expressed by the Texas Court and hold that it is contrary to the basic notion of due process to return a PFO indictment during the trial on the underlying offense.

■ Because we are reversing and the issue may be presented to the trial court, we address whether Clark's Texas conviction could be used to support a PFO charge.

PFO conviction and sentencing are governed by KRS 532.080, which states, in pertinent part:

> (3) A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies, or one (1) or more felony sex crimes against a minor as defined in KRS 17.500, and now stands convicted of any one (1) or more felonies. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:
>
> (a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor[.]

The Texas conviction which Clark challenges, assault dating violence, is a Class A misdemeanor. V.T.C.A. 22.01. Under Texas law, a misdemeanor is a crime with a maximum penalty of one year confinement in jail. V.T.C.A. 12.21. Although Kentucky uses the term "twelve months" in regard to defining a misdemeanor as opposed to "one year," our distinction between a misdemeanor and a felony is identical to that codified in Texas. Offenses punishable by a year or more are defined as felonies. KRS 500.080(5). Offenses (other than traffic infractions) are defined as offenses punishable by no more than "a sentence to a term of imprisonment of ... twelve (12) months[.]" KRS 500.080(10). Thus, we are presented with a novel fact situation and a problematic application of KRS 532.080(3).

Clark's Texas conviction resulted in the imposition of a sentence of precisely one year in the county jail. Under any interpretation of the Texas statute or the Kentucky statute, his prior Texas conviction was a misdemeanor. The issue then is whether KRS 532.080(3) can be read logically and consistent with the legislative intent to transform what is under all pertinent laws a misdemeanor into a felony for the sole purpose of sentencing enhancement. We conclude that such a result is absurd and now clarify the law as to the designation of a felony sentence of one year for purposes of KRS 532.080(3).

Clark is not the first to challenge the use of a conviction entered by a sister jurisdiction used as a basis for a PFO conviction. In *Commonwealth v. Davis,* 728 S.W.2d 532 (Ky.1987), the conviction used to support the PFO conviction was designated as a felony under Ohio law. The Court rejected Davis's contention that it could not be used as a basis for the PFO conviction because the sentence imposed was for six months to five years probated for three years. The court deemed the maximum sentence that could have been imposed to be determinative under the Kentucky persistent felony offender statute.

The Court again addressed the issue in *Ware v. Commonwealth,* 47 S.W.3d 333 (Ky.2001), but on dissimilar facts than

those now presented. Ware had two prior convictions designated as misdemeanors under North Carolina law; however, each carried a maximum penalty of two years. A sentence of eighteen months probated for three years was imposed on the first conviction and two years probated for three years was imposed on the second. Because both sentences were in excess of one year, the Court held despite the designation as misdemeanors under North Carolina law, the convictions could be used under the Kentucky persistent felony statute. *Id.* at 334.

The present case is unique in that Clark's conviction is a misdemeanor offense under Texas and Kentucky law. Although the one-year sentence straddles the line between the length of imprisonment for a misdemeanor and that for a felony, the place of punishment is that for a misdemeanor. We are convinced that our General Assembly did not intend that a misdemeanor offense be arbitrarily converted into a felony classification for the purpose of a PFO conviction.

Our reasoning is consistent with the 1974 Commentary to KRS 532.080(3) as repeated in *Ware:*

> Subsection (2) [now subsections (2) and (3) ] sets forth a definition of a previous felony conviction. It requires in subsection (a) that the previous offense must have been accompanied by a sentence of imprisonment for one year. *This requirement seeks to account for the possibility of conviction from a state which has a distinction between felony and misdemeanor that is different from that used in this state.* Thus, although such conviction is for an offense designated in that other state as a misdemeanor, it can be treated as a felony for purposes of this statute if it carried a penalty of one year or more. (Emphasis added).

*Id.* at 334. Except for the merely semantic distinction between "twelve months" and "one year," Texas and Kentucky distinguish a felony and misdemeanor precisely the same based on the length and place of punishment. Thus, consistent with the commentary to KRS 532.080(3), although it was a one-year sentence, Clark's conviction is a misdemeanor.

The result reached is consistent with our penal code. Our courts are frequently presented with penalty ranges that are applicable to different classifications of crimes. For instance, under our current statutory scheme, a five-year sentence can be a Class D felony, while another five-year sentence can be a Class C felony. The same is true for the one-year maximum penalty for a misdemeanor or the minimum one-year penalty for a felony. As a consequence, our courts impose felony one-year sentences and misdemeanor one-year sentences. To eliminate any possible confusion regarding whether a foreign conviction to which the defendant was sentenced to one year, we state the rule: A crime for which a maximum sentence of one year or less could be imposed is a misdemeanor and a crime for which the minimum sentence that could be imposed is one year or more is a felony. Therefore, if the sentencing range of a conviction which results in one year or less exceeds one year, it is a felony. Upon motion, the court shall conduct an analysis of the sentencing statute of the jurisdiction wherein the defendant was convicted. If the sentencing range imposes any sentence which exceeds one year, then that sentence is a felony. The one-year sentence imposed in Texas was the maximum sentence within the sentencing range of Mr. Clark's conviction and, therefore, it is a misdemeanor.

Based on the foregoing, the judgment of conviction and sentence of the Jefferson Circuit Court is reversed.

LAMBERT, Judge, Concurs.

WINE, Judge, Concurs in Result Only in Part, Dissents in Part, and Files Separate Opinion.

WINE, Judge, Concurring in Result Only in Part and Dissenting in Part:

Contrary to the Commonwealth's position, it is clear from both the written record as well as the plea sheets which are included in the record, that Clark properly preserved two issues for our consideration, to wit: the denial of due process by the return of a second indictment charging him with the PFO I enhancement during trial; and the failure to prove that an out-of-state conviction qualified as a felony. During the plea colloquy, Clark's defense counsel discussed with the trial judge the problem with defending against a new indictment returned during the second day of jury trial. Further, the plea agreement, signed by the Commonwealth's Attorney, states in part, "[Defendant] waives right of appeal to trial. [Defendant] retains right to appeal PFO II." Clearly, the Commonwealth could have limited the scope of the issues preserved for appeal. It is not necessary to engage in a palpable error analysis under Kentucky Rule of Criminal Procedure ("RCr") 10.26, as the majority has done. Our Supreme Court has previously found that such language, even if inartfully drawn, is sufficient to preserve the issue for appellate review when a conditional plea is entered pursuant to RCr 8.09. *Dickerson v. Commonwealth,* 278 S.W.3d 145 (Ky.2009); *Gabbard v. Commonwealth,* 887 S.W.2d 547 (Ky.1994).

In support of his due process argument, Clark cites to *Price, supra,* which states, in part: "We interpret the PFO statute as requiring that if the Commonwealth seeks enhancement by proof of PFO status, the defendant is entitled to notice of this before the trial of the underlying substantive offense." *Id.* at 750. The Court in *Price* further states:

... [D]ue process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding (Citation omitted).

Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.

*Id.* at 750, *quoting Oyler v. Boles,* 368 U.S. at 452, 82 S.Ct. at 503. Accordingly, the Court in *Price,* via the language of *Oyler,* indicated that the only requirements are reasonable notice and an opportunity to be heard. The Court in *Price* further stated "[i]f Price did need more time to adequately prepare his defense to the PFO charge in this case, *he could have requested a continuance for this purpose.* The record reflects that Price did not challenge the Commonwealth's evidence on the PFO charge." *Id.* at 750 (Emphasis added).

Likewise, Clark did not request a continuance from the trial court in order to prepare a defense to the PFO charge. A short continuance of the jury trial between the substantive and penalty phases could easily have been accomplished. Clark challenged the use of the Texas offense as a basis for the PFO charge. However, other than a general motion to dismiss the PFO indictment, he failed to request any relief whatsoever from the trial court. It would be inappropriate for us to now grant Clark relief which was never requested from the trial court.

The majority addresses the issue of initial trial discovery. In response to the trial court's discovery order, the Commonwealth filed a response which itemized Clark's prior criminal record. That information apparently did not include Clark's

previous, PFO-qualifying convictions. Presumably, Clark was aware of his own criminal record. He did not request further discovery of that issue and we must therefore assume that he was satisfied with what was provided by the Commonwealth. Furthermore, the record reveals that Clark's prior convictions were mentioned by the Commonwealth, Clark, and Clark's counsel, during several bond reduction hearings on May 24, 2007, November 7, 2007, and March 18, 2008. While the majority is of the opinion that the Commonwealth "ambushed" Clark, I do not agree. In fact, it appears that Clark's trial counsel does not even share this belief. Such an allegation was not raised in Clark's brief, and the record reveals that his counsel stated to the trial judge, "I do not allege that there was any intentional withholding or sandbagging by the Commonwealth. Quite the contrary, they have been forthcoming and forthright with me in this case." There have been no allegations of prosecutorial misconduct, and I will not formulate such an argument where one does not exist.

I certainly agree that the Commonwealth's timing of the PFO indictment was not good practice. Had the PFO indictment been returned prior to trial, both defense counsel and the Commonwealth would have had ample opportunity to adequately research the Texas penal code, most likely reaching the result set out below. The majority believes that the late indictment foreclosed Clark's possibility of an informed plea agreement. However, there is no absolute right to a plea agreement. Such agreements are at the discre-

tion of the Commonwealth. The majority's opinion makes the presumption that, if the PFO indictment had come sooner, a different plea offer would have been made and accepted by Clark. Clark had not pled guilty before the PFO indictment was returned, nor did he plea unconditionally after being so charged, preferring rather to preserve his right to appeal. Such an opinion by the majority is purely conjecture and fails to rise to the level of reversible error. Therefore, I dissent from the majority opinion that Clark's due process rights were violated.

I do concur, although for different reasons, with the majority's opinion that the Commonwealth failed to prove that Clark's 2003 conviction from Texas constituted a felony under Texas or Kentucky law.

Clark was convicted on September 15, 2003, in "The County Court at Law No. 4, Travis County, Texas".[2] A form styled, "Judgement (sic) of Community Supervision" states that Clark was found guilty of "Assault Dating Violence", and further states that "the Court assesses punishment at confinement in the Travis County Jail for a period of (1) year and a fine of $2500 . . ." While the form is pre-printed, the offense, the sentence of imprisonment, and the fine are all handwritten.

The V.T.C.A., Penal Code § 22.01 defines various assaultive offenses, as follows:

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

2. Vernon's Texas Statutes and Codes Annotated ("V.T.C.A.") § 25.2292. Travis County Court at Law Provisions provide in part: ". . . (c) In addition to the jurisdiction provided by § 25.0003 and other law, the County Court at Law Number 4 of Travis County has concurrent jurisdiction with the district court in state jail felony and third degree felony cases involving family violence, as defined by Section 71.004, Family Code. The court shall give preference to cases in which family violence is alleged, including cases under Title 4, Family Code."

. . . .

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

. . . .

(2) a person whose relationship to or association with the defendant is described by Section 71.0021(b),[3] 71.003, or 71.005, Family Code, if:

(A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; or

(B) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth;

. . . .

Neither the Texas judgment nor the Commonwealth during Clark's 2008 plea of guilty offered any proof that the aggravators delineated in V.T.C.A., Penal Code § 22.01(a)(2)(A) or (B) applied. Additionally, pursuant to the V.T.C.A., Penal Code § 12.34, a person "adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2

years." Clark received only a one year sentence, clearly less than the punishment designated for Assault Dating Violence, third-degree felony. Finally, the V.T.C.A., Penal Code § 1.07, defines a felony as "an offense so designated by law or punishable by death or *confinement in a penitentiary.*" (Emphasis added.) The judgment of conviction sentenced Clark to confinement in the Travis County Jail.

In contrast, V.T.C.A., Penal Code § 12.21, directs that a Class A Misdemeanor is punishable by, "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement."

Thus, by definition and application, Assault Dating Violence for which Clark was convicted, must be a misdemeanor under the Texas Penal Code.

*For purposes of Kentucky's PFO statute, a previous sentence must be for a* "term of imprisonment of one (1) year or more or a sentence to death", contemplating those offenses which are punishable by *at least one year.* The commentary to KRS 532.080 notes, "Thus, although such conviction is for an offense designated in that other state as a misdemeanor, it can be treated as a felony for purposes of this statute if it carried a penalty of *one year or more.*" (Emphasis added.) It is inconceivable that a clerical entry on the judgment from Travis County, Texas, stating "(1) year" could increase the punishment set by the Texas legislature which mandates the punishment "not exceed one year".

---

**3.** V.T.C.A., Family Code § 71.0021, states that, "(a) 'Dating violence' means an act by an individual that is against another individual with whom that person has or has had a dating relationship and that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the individual in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself."

Thus, I concur with the majority that Clark's conviction as a PFO must be reversed as the Texas conviction was for a misdemeanor offense, and the previous conviction in Kentucky falls outside of the statutory time dictates of KRS 532.080.