RENDERED:  MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0484-MR

MARIO DEVON FREDRICK                                           APPELLANT


                    APPEAL FROM CHRISTIAN CIRCUIT COURT
v.                  HONORABLE ANDREW SELF, JUDGE
                    ACTION NOS. 18-CR-00691 AND 19-CR-00383


COMMONWEALTH OF KENTUCKY                                       APPELLEE


                              OPINION
                              AFFIRMING

                          ** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND MCNEILL, JUDGES.

COMBS, JUDGE:  Appellant, Mario Fredrick,[1] appeals as a matter of right from a

judgment of the Christian Circuit Court which was entered on a jury verdict

convicting him of indecent exposure, first degree, and of being a persistent felony

offender (PFO), first degree.  On appeal, Fredrick seeks palpable error review

---

[1] The spelling "Frederick" also appears in the record.  For purposes of this opinion, we use
"Fredrick," the spelling that appeared in the notice of appeal.

under RCr[2] 10.26, arguing that: (1) his sentence was enhanced twice in violation of KRS[3] 532.080(10); (2) even if the PFO enhancement stands, he is not a PFO, first degree; (3) the evidence presented during the penalty phase violated KRS 532.055; (4) the Commonwealth presented irrelevant evidence of uncharged bad acts; and (5) the Commonwealth committed prosecutorial misconduct.

On October 13, 2017, a 911 caller reported that a man wearing light clothing and driving a white or silver car was exposing his penis at a Pilot gas station in Christian County, Kentucky. By the time the police arrived, the man was gone. He was not identified.

Several hours later, another 911 caller reported that a man in a light-colored vehicle was exposing his penis at a Dollar General Store. The Dollar General was located about half a mile from the Pilot Station. Jessica Montoya had driven to the Dollar General Store. She parked her van next to a light-colored car in front of the store and went inside. Her daughters, sixteen and six years of age, stayed in the van. The older child was sitting in front, and the younger girl was seated behind her playing video games on her mother's phone.

The 16-year-old noticed that the man in the next car was acting in a strange manner. He had gotten got out of his car, walked to the passenger side, and

---

[2] Kentucky Rules of Criminal Procedure.

[3] Kentucky Revised Statutes.

opened that door. From the corner of her eye, the 16-year-old saw the man pull out his penis and begin touching it. Upon leaving Dollar General, Ms. Montoya noticed a police car with blue lights. She got in the van and drove home. En route, the 16-year-old told Ms. Montoya what had occurred. She dropped the children off at home and returned to Dollar General to speak to the police. The police had Ms. Montoya hold up her phone, and the 16-year-old identified the man she had seen on Facetime. The man was Mario Fredrick, the driver of the car whom the police had stopped in the parking lot of the Dollar General Store.

On December 7, 2018, a Christian County grand jury indicted Fredrick charging him with one count of indecent exposure, first degree, fourth offense or greater pursuant to KRS 510.148.[4] On April 5, 2019, the grand jury issued a superseding indictment and additionally charged Fredrick with sexual abuse, first degree, pursuant to KRS 510.110.[5] On June 7, 2019, the grand jury indicted Fredrick for being a PFO, first degree, pursuant to KRS 532.080 for having been previously convicted of at least one felony sex crime against a minor: "Solicitation of Sexual Exploitation of a Minor, 4 counts by judgment of the

---

[4] Indictment No. 18-CR-00691.

[5] *Id.*

Criminal Circuit Court, Rutherford County, Tennessee, Case No. F-72726, entered on or about December 14, 2015[.]"[6]

Fredrick was tried on January 16-17, 2020. The Commonwealth explains that the trial was bifurcated pursuant to KRS 532.080(1).[7] In the first phase, the jury found Fredrick guilty of indecent exposure. In the second phase, the jury determined that Frederick had previously committed that offense on three or more previous occasions. It also found that Fredrick was a PFO in the first degree due to his previous conviction of four counts of solicitation of sexual exploitation of a minor.

On March 31, 2020, the trial court entered an amended judgment and sentence on his plea of not guilty, reflecting that Fredrick was adjudged: guilty of indecent exposure, first degree, fourth offense or greater; and guilty of persistent felony offender, first degree. He was sentenced to "5 years on Indecent Exposure, First Degree, Fourth Offense or Greater[;] however, this sentence is enhanced to 10 years on Persistent Felony Offender, First Degree."

---

[6] Indictment No. 19-CR-00383.

[7] KRS 532.080(1) provides in relevant part that: "When a defendant is charged with being a persistent felony offender, the determination of whether or not he is such an offender and the punishment to be imposed pursuant to . . . this section shall be determined in a separate proceeding from that proceeding which resulted in his last conviction."

Fredrick appeals as a matter of right. The first issue he raises is that his sentence was enhanced twice in violation of subsection 10 of KRS 532.080, Kentucky's PFO sentencing statute. He seeks palpable error review under RCr 10.26[8] on the ground that he was sentenced contrary to statute.

In *Turner v. Commonwealth*, 538 S.W.3d 305 (Ky. App. 2017), the appellant argued that his sentence for second-degree trafficking in a controlled substance was impermissibly enhanced on the basis of his status as a PFO in violation of KRS 532.080(10). This Court explained as follows:

> Turner's first claim of error challenges the propriety of his sentencing. We agree with him that "an appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court." *Jones v. Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011). Consequently, "true 'sentencing issue[s]' . . . cannot be waived by failure to object" and may be raised on appeal, even if for the first time. *Roberts v. Commonwealth*, 410 S.W.3d 606, 611 (Ky. 2013). We also agree with Turner that his is a true sentencing issue, and we shall address it notwithstanding any challenge to its preservation.

*Id.* at 309.

---

[8] RCr 10.26 provides in relevant part that: "A palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

We must determine whether Fredrick was sentenced contrary to statute. KRS 510.148, "Indecent exposure in the first degree," provides that:

> (1) A person is guilty of indecent exposure in the first degree when he intentionally exposes his genitals under circumstances in which he knows or should know that his conduct is likely to cause affront or alarm to a person under the age of eighteen (18) years.
>
> (2) Indecent exposure in the first degree is a:
>
> > (a) Class B misdemeanor for the first offense;
> >
> > (b) Class A misdemeanor for the second offense, if it was committed within three (3) years of the first conviction;
> >
> > (c) Class D felony for the third offense, if it was committed within three (3) years of the second conviction; and
> >
> > (d) Class D felony for any subsequent offense, if it was committed within three (3) years of the prior conviction.

Fredrick explains that in his case, the penalty for indecent exposure was already increased to the higher classification of a Class D felony under KRS 510.148. He argues that further enhancement is prohibited by the 2011 amendment to Kentucky's PFO statute, KRS 532.080(10),[9] which provides: "that

---

[9] "On June 8, 2011, the General Assembly enacted House Bill 463 ('HB 463'), titled the Public Safety and Offender Accountability Act. HB 463 overhauled the Commonwealth's sentencing policies . . . . Section 26 of HB 463 added a new provision to the persistent felony sentencing statute, KRS 532.080[(10).]" *Turner*, 538 S.W.3d at 310.

the PFO enhancement law 'shall not apply' to a person whose offense has been increased from a lower misdemeanor classification to a higher felony classification under the second or subsequent offense law[.]" (Appellant's Brief, at page 4).

Effective July 12, 2012, KRS 532.080(10) provides that:

(a) **Except as provided in paragraph (b) of this subsection,** this section shall not apply to a person convicted of a criminal offense if the penalty for that offense was increased from a misdemeanor to a felony, or from a lower felony classification to a higher felony classification, because the conviction constituted a second or subsequent violation of that offense.

(b) **This subsection shall not prohibit the application of this section to a person convicted of:**

1. **A felony offense arising out of KRS** 189A.010, 189A.090, 506.140, 508.032, 508.140, or **510.015**; or

2. Any other felony offense if the penalty was not enhanced to a higher level because the Commonwealth elected to prosecute the person as a first-time violator of that offense.

(Emphases added.)

Under KRS 532.080(10)(a), PFO enhancement shall not apply to a person convicted of a criminal offense where the penalty classification was increased because the conviction was a second or subsequent violation offense. However, under subsection (10)(b)1., PFO enhancement is ***not prohibited*** where

the conviction arose out of certain enumerated felony offenses including those arising out of KRS 510.015.

KRS Chapter 510 governs sexual iffenses. KRS 510.015 is entitled "Treatment of third or subsequent misdemeanor under KRS Chapter 510 as Class D felony" and provides that:

> Unless a higher penalty is otherwise prescribed and notwithstanding any provision of this chapter to the contrary, **a person who commits a third or subsequent misdemeanor offense under this chapter,** except for violations of KRS 510.150, **may be convicted of a Class D felony**. If the Commonwealth desires to utilize the provisions of this section, the Commonwealth shall indict the defendant and the case shall be tried in the Circuit Court as a felony case. The jury, or judge if the trial is without a jury, may decline to assess a felony penalty in a case under this section and may convict the defendant of a misdemeanor.

(Emphases added.)

In the case before us, Fredrick committed a third or subsequent offense under KRS Chapter 510 -- specifically in violation of KRS 510.148 -- and was convicted of a Class D Felony. Consequently, Fredrick is a person convicted of a felony offense arising out of KRS 510.015, and application of the PFO enhancement is **not prohibited** pursuant to KRS 532.080(10)(b)1.

Next, Fredrick argues that even if his PFO enhancement stands, he should be a PFO in the first degree.

KRS 532.080(3) provides in relevant part that:

-8-

A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies, or one (1) or more felony sex crimes against a minor as defined in KRS 17.500, and now stands convicted of any one (1) or more felonies.

Fredrick explains that he was indicted as a PFO First for having four prior felony convictions and that he was convicted of four counts of sexual exploitation of a minor in a Rutherford County, Tennessee case No. F-72726, which were stacked to run consecutively for a total of five years. He argues that under KRS 532.080(4), he "was entitled to have his sentence from Tennessee considered as one uninterrupted consecutive sentence and thus a single prior conviction for PFO purposes." (Appellant's Brief, at p. 8). KRS 532.080(4) provides that:

> For the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one (1) conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned.

The Commonwealth responds that Fredrick's reliance on KRS 532.080(4) is misplaced because KRS 532.080(3) requires proof of only one prior sexual offense felony involving a minor as defined by KRS 17.500.

Our Supreme Court explained in *Bullitt v. Commonwealth*, 595 S.W.3d 106 (Ky. 2019),[10] as follows:

> KRS 532.080(3) provides the elements for proving a defendant is guilty of being a PFO I. Pertinently, a person is guilty of being a PFO I when he stands convicted of committing one or more felony sex crimes against a minor as defined in KRS 17.500 and the previous felony conviction may include convictions in any other jurisdiction as long as certain conditions are met. As to other jurisdictions, KRS 17.500(8)(c) defines "sex crime" as a "felony offense from another state or a territory where the felony offense is similar to a felony offense specified in [KRS Chapter 510, Sexual Offenses]."

*Id.* at 109-10 (footnotes omitted).

The appeal of Fredrick's Rutherford County, Tennessee, case No. F-72726, *State v. Frederick*, No. M201600737CCAR3CD, 2017 WL 2117026 (Tenn. Crim. App. May 15, 2017), explains that:

> Mario Frederick was convicted of two counts of solicitation of sexual exploitation of a minor, a Class E felony, two counts of solicitation of sexual exploitation of a minor less than thirteen years of age, a Class C felony, and three counts of indecent exposure, a Class B misdemeanor. He received an effective sentence of five years' incarceration.

*Id.* at *1.

---

[10] In *Bullitt*, the defendant's sentence for first-degree rape was enhanced pursuant to the jury's finding him guilty of being a first-degree PFO based on a Georgia conviction for statutory rape.

Copies of the judgments in the Tennessee case[11] entered on December 14, 2015, reflect that Fredrick was convicted (*inter alia*) of an October 3, 2013, offense of Solicitation of Sexual Exploitation of a Minor, TCA[12] §39-13-529, a Class C Felony.[13]  *State v. Frederick* discusses the statute at issue:

> Tennessee Code Annotated section 39-13-529(b)(1) (2013) defines the offense of soliciting sexual exploitation of a minor as a person over the age of eighteen directly and intentionally engaging in sexual activity for the purpose of having the minor view the sexual activity, including circumstances where the minor is in the presence of the person.  Additionally, if the minor is less than thirteen years old, the violation is a Class C felony. Id. § 39-13-529(f)(2) (2013).  As relevant here, the term "sexual activity" includes "[m]asturbation."  Id. § 39-13-529(e)(4)(B) (2013).  A person "acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result."  Id. § 39-11-302(a).

*Id.* at *9.

We are satisfied that the Tennessee statute is sufficiently similar to a felony offense specified in KRS Chapter 510 -- namely, KRS 510.148, *supra* -- to

---

[11] Appendix "C" to Appellant's Brief.

[12] Tennessee Code Annotated.

[13] For purposes of Kentucky's PFO statute, a foreign conviction is a felony if it is for "a crime for which the minimum sentence that could be imposed is one year or more . . . ."  *Clark v. Com.*, 324 S.W.3d 747, 751 (Ky. App. 2010).  The authorized term of imprisonment for a class C felony in Tennessee is "not less than three (3) years nor more than fifteen (15) years."  TCA §40-35-111(b)(3).

be considered as a felony sex crime against a minor as defined in KRS 17.500 in order for Fredrick to be convicted as a PFO in the first degree under KRS 532.080(3).

Fredrick's third argument is that the penalty phase evidence violated KRS 532.055. The statute addresses sentencing by the jury in felony cases. Fredrick requests palpable error review and contends that the use of improper evidence resulted in manifest injustice.

Fredrick explains that his "prior convictions were not read into evidence as prescribed by KRS 532.055(2)(a)." Instead, the Commonwealth had the court clerk read the probable cause affidavits from Fredrick's prior felony solicitation of sexual exploitation of minor charges to the jury, and the affidavits were made an Exhibit. Fredrick contends that the jury was presented with documents that named the victims, the location of the crime, and his sex-offender status. Thus, he contends that reading the probable cause affidavits inflamed the jury.

Fredrick cites *Robinson v. Commonwealth*, 926 S.W.2d 853, 855 (Ky. 1996), in which our Supreme Court held that "all that is admissible as to the nature of a prior conviction is a general description of the crime." He also relies upon *Mullikan v. Commonwealth*, 341 S.W.3d 99, 109 (Ky. 2011), which held that:

> [E]vidence of prior convictions is limited to conveying to the jury the elements of the crimes previously committed.

-12-

> We suggest this be done either by a reading of the instruction of such crime from an acceptable form book or directly from the Kentucky Revised Statute itself. Said recitation for the jury's benefit, we feel, is best left to the judge. The description of the elements of the prior offense may need to be customized to fit the particulars of the crime, i.e., the burglary was of a building as opposed to a dwelling. The trial court should avoid identifiers, such as naming of victims, which might trigger memories of jurors who may—especially in rural areas—have prior knowledge about the crimes.[14]

The Commonwealth argues that Fredrick has not established that any error was unduly prejudicial because he received only the minimum sentence available under KRS 532.080(6)(b).[15] We agree. *Parker v. Commonwealth*, 482 S.W.3d 394, 407-08 (Ky. 2016) (to be entitled to RCr 10.26 relief, defendant must show likelihood that but for the error a different sentence would have been imposed, where it was presumed jury had access to unredacted prior conviction records including details such as victims' names).

---

[14] It does not appear that the naming of victims would present the same concerns here because the prior offenses occurred in Tennessee.

[15] KRS 532.080(6)(b) provides that:

> If the offense for which he presently stands convicted is a Class C or Class D felony, a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years.

Next, Fredrick argues that that the Commonwealth introduced evidence of a prior uncharged crime -- police testimony regarding the earlier incident at the Pilot gas station -- which was highly prejudicial in violation of KRE[16] 402, 403 and 404 and his due process rights under the 5th and 14th Amendments to the U.S. Constitution and Sections 2, 7, and 11 of the Kentucky Constitution. He again requests palpable error review. "[W]hat a palpable error analysis 'boils down to' is whether the reviewing court believes there is a 'substantial possibility' that the result in the case would have been different without the error. If not, the error cannot be palpable." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006).

We do not believe there is a substantial possibility that the result in the case before us would have been different without the evidence about the Pilot gas station incident -- if indeed any error occurred. As the Commonwealth notes, the 16-year-old who identified Fredrick as the man who had exposed himself to her at the Dollar General testified at trial, her testimony was "basically unrefuted," and Fredrick received the minimal sentence under KRS 532.080(6)(b).

Fredrick's last argument is that the Commonwealth committed prosecutorial misconduct. He again requests palpable error review. Fredrick asserts that "[d]uring the penalty phase of trial, the Commonwealth argued that Mr.

---

[16] Kentucky Rules of Evidence.

Fredrick had uncharged crimes that were forthcoming and that the jury should send a message to Mr. Fredrick because of his criminal history[.]" (Appellant's Brief, p. 20). He then quotes a portion of the prosecutor's argument regarding Fredrick's prior convictions, which asks the jury to sentence him appropriately for his past behavior. Fredrick fails to persuade us that a palpable error occurred. Moreover, "a 'send a message' argument at the penalty phase of trial is not inappropriate so long as it focuses on deterrence[.]" *Little v. Commonwealth*, 553 S.W.3d 220, 230 (Ky. 2018).

We AFFIRM the judgment of conviction of the Christian Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky